UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASHLEY GANDY,

                    Plaintiff,

        v.                                              Case No. 25-cv-2018-pp

RACINE COUNTY and
TIMOTHY D. BOYLE,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT
PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4), SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT
PREJUDICE**

        Plaintiff Ashley Gandy, who is incarcerated at the Wisconsin Resource

Center and is representing himself, filed a complaint under 42 U.S.C. §1983,

alleging violations of his civil rights. This decision resolves the plaintiff's motion

for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his

complaint, dkt. no. 1, resolves his motion to appoint counsel, dkt. no. 4, and

dismisses the case.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
          (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 30, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $6.13. Dkt. No. 6. The court received that fee on January 23, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that from October 24, 2023 through July 24, 2024, Racine County Circuit Court Judge Timothy Boyle refused to provide him with an attorney for his pending criminal cases. Dkt. No. 1 at 3. Judge Boyle's actions allegedly were prejudicial and discriminatory and prevented the plaintiff from moving to dismiss his criminal cases. Id. at 3-4. The plaintiff claims that Judge Boyle violated his right to due process and that the violation also was a "Breach of Fiduciary Duty." Id. at 4.

3

For relief, the plaintiff asks the court to dismiss his cases in accordance with the Supreme Court ruling establishing the unconstitutionality of defendants not having counsel for an extended period. Id. at 5. He also seeks monetary damages. Id.

C.    Analysis

The plaintiff claims that Judge Boyle's refusal to provide him with a lawyer for nine months during his pending criminal cases violated his constitutional rights and prevented him from moving to dismiss the cases. The plaintiff cannot maintain a claim against Judge Boyle because Judge Boyle is entitled to absolute immunity. See Polzin v. Gage, 636 F.3d 834, 836 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). The plaintiff also names Racine County as a defendant. Other than stating the Judge Boyle is a Racine County Circuit Court judge, the plaintiff does not mention the county's involvement in his allegations. He has not stated a claim against the county.

The plaintiff asks that "the cases be dismissed . . ." Dkt. No. 1 at 5. The court assumes he is referring to his criminal cases and that they remain pending. Although he does not identify his cases, he may be referring to State of Wisconsin v. Ashley C. Gandy, Jr., Racine County Case Numbers 2022CF1201, 2022CF1202 (available at wcca.wicourts.gov). Publicly available, online court records show that Judge Boyle has been involved in parts of these cases, and that the cases are ongoing. Id.

4

The plaintiff has not stated a claim against the defendants for violation of his constitutional rights. Even if he had, this court cannot consider the plaintiff's claims regarding alleged violations of his rights in his state criminal cases while those state criminal proceedings are ongoing; federal courts may not interfere with state criminal prosecutions. See Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) (citing Younger v. Harris, 401 U.S. 37 (1971)). When the plaintiff's criminal proceedings have concluded, if he still believes that his rights were violated during those proceedings, he is free to appeal any conviction to the state appellate courts (the Wisconsin Court of Appeals and the Wisconsin Supreme Court), and, if those appeals are unsuccessful, to pursue his remedies in federal court (by, for example, filing a petition for *habeas corpus* under 28 U.S.C. §2254).

The court will dismiss this case without prejudice. The plaintiff has not stated a claim for violation of his rights under federal law and, even if he had, the claim would be premature because his state criminal cases are ongoing. Because the court is dismissing this case, it will deny as moot the plaintiff's motion to appoint counsel. Dkt. No. 4.

## III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$343.87** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Director of the Wisconsin Resource Center, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a

motion *in this court.* <u>See</u> Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. <u>Id.</u>

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of January, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**