UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ASHLEY GANDY,

                              Plaintiff,

        v.                                              Case No. 25-cv-2018-pp

RACINE COUNTY and TIMOTHY D. BOYLE,

                              Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 12)**

_____


Plaintiff Ashley Gandy filed a complaint under 42 U.S.C. §1983 against Racine County Circuit Court Judge Timothy Boyle and Racine County, alleging that Judge Boyle refused to provide him a lawyer for his ongoing criminal cases and asking that the cases be dismissed. Dkt. No. 1 at 3-5. On January 30, 2026, the court screened the complaint under 28 U.S.C. §1915A and dismissed the case without prejudice because Judge Boyle is entitled to absolute immunity, the plaintiff did not state a claim against Racine County and, even if he had, this court cannot intervene in his ongoing criminal cases. Dkt. No. 10 at 7. The court said that if after the plaintiff's criminal cases have concluded, he still believes that his rights were violated, he may appeal any conviction to the state appellate courts; if those appeals are unsuccessful, he may pursue his remedies in federal court. Id. at 5. The plaintiff now has filed a motion to amend his complaint. Dkt. No. 12.

1

In his motion to amend, the plaintiff explains that he knows that judges have immunity; he says that that is why he sued Racine County, because Racine County is "vicariously" responsible for a violation of his constitutional rights by any judges in its jurisdiction. Dkt. No. 12. But the plaintiff does not have a claim against Judge Boyle for violating his civil rights. And even if he did, municipalities—like Racine County—cannot be held liable solely because they employ someone who violates a person's civil rights. See, *e.g.*, Spiegel v. McClintic, 916 F.3d 611, 617 (7th Cir. 2019) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978)). It would be futile for the plaintiff to file an amended complaint regarding these allegations. And, as explained in the court's screening order, even if the plaintiff had stated a claim, this court cannot interfere with Racine County's ongoing criminal cases. The court will deny the plaintiff's motion for leave to amend.

The court **DENIES** the plaintiff's motion to amend. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 23rd day of March, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

2